UNITED STATES DISTRICT COURT    **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 16-0183 DMG (RAOx)** | Date | March 3, 2016 |
| Title | *Carmen Villanueva v. 3M Company, et al.* | Page | 1 of 5 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND [65] AND FOR EXTENSION OF TIME [75], AND DEFENDANT'S MOTION TO DISMISS [10]**

## I.
## PROCEDURAL BACKGROUND

On November 30, 2015, Plaintiff Carmen Villanueva, individually and as successor-in-interest to Oscar Villanueva, Individual Plaintiffs Daniel Villanueva, and Diane Deatrick filed a wrongful death complaint ("Compl.") against various defendants including Defendant FCA US LLC and Defendant Dr. Ing. H.C. F. Porsche AG, alleging: (1) negligence; (2) strict liability; and (3) loss of consortium. (Complaint ("Compl.") [Doc. # 1-1].) On January 8, 2016, Defendant FCA US LLC ("FCA") removed the instant action to this court pursuant to 28 U.S.C. section 1334(b) ("Removal"). [Doc. # 1.]

On January 15, 2016, Defendant Dr. Ing H.C. F. Porsche AG ("Porsche AG") filed a motion to dismiss ("MTD") alleging improper service of process and lack of personal jurisdiction. [Doc. # 10.] On February 12, 2016, Plaintiffs filed an opposition to Porsche AG's MTD. [Doc. # 81.]

On January 29, 2016, Plaintiffs and FCA stipulated to FCA's dismissal with prejudice from this action. [Doc. # 48.] FCA was dismissed with prejudice pursuant to the stipulation on February 9, 2016. [Doc. # 71.]

On February 5, 2016, Plaintiffs filed a motion to remand ("MTR") for lack of subject matter jurisdiction. [Doc. # 65.] On February 10, 2016, Porsche AG filed an opposition to Plaintiffs' MTR ("Opp."). [Doc. # 74.]

UNITED STATES DISTRICT COURT  **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 16-0183 DMG (RAOx)** | Date | March 3, 2016 |
| Title | *Carmen Villanueva v. 3M Company, et al.* | Page | 2 of 5 |

On February 10, 2016, Plaintiffs filed a motion for extension of time to file a response to Porsche AG's MTD. [Doc. #75.] On February 10, 2016, Porsche AG filed an opposition. [Doc. # 76.]

## II.
## FACTUAL BACKGROUND

Plaintiffs allege that decedent Oscar Villanueva developed mesothelioma as a result of exposure to asbestos from Defendants' products. (Compl. ¶ 3.) Oscar Villanueva had worked at Glendale Auto Radio Stereo from 1969 to 1990 doing various installation work that allegedly exposed him to asbestos through Defendants' products. (Compl. Exh. A.) Villanueva was subsequently diagnosed with mesothelioma in December 2014 and passed away as a result in February 2015. (Compl. Exh. B.)

Defendant FCA asserts that in April 2009, Chrysler LLC filed for bankruptcy. Removal at 2; *see also In re Old Carco LLC (f/k/a Chrysler LLC)*, Case No. 09-50002 (Bankr. S.D.N.Y. 2009). As part of the judgment, the Bankruptcy Court limited the liabilities assumed by FCA in its purchase and assumption of Chrysler LLC's assets, contracts, and leases. (Removal at 2-3.).

## III.
## LEGAL STANDARD

Pursuant to 28 U.S.C. section 1334(b), a district court shall have original jurisdiction over a civil action where the proceeding is related to cases under title 11. A civil action brought in state court over which a federal district court has original jurisdiction under section 1334 may be removed by defendants to a district court where such an action could have been brought. 28 U.S.C. §§ 1441(a), 1452(a). A court that has jurisdiction under section 1334 "may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal citation omitted); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) ("removal statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts"). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal[.]" *Id.* If the court determines it has no jurisdiction, "[it] must remand the removed case rather than dismissing it." *Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931, 938 (9th Cir. 2003) (citing *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89, 111 S. Ct. 1700, 1710, 114 L. Ed. 2d 134, 151 (1991) (superseded by statute on unrelated grounds)).

UNITED STATES DISTRICT COURT       JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-0183 DMG (RAOx)** | Date | March 3, 2016 |
|---|---|---|---|
| Title | *Carmen Villanueva v. 3M Company, et al.* | Page | 3 of 5 |

# IV.
# DISCUSSION

Courts consider up to 14 factors when deciding "whether to remand a 'related to' [bankruptcy] case on equitable grounds." *Fed. Home Loan Bank of Chicago v. Banc of America Secs. LLC*, 448 B.R. 517, 525 (C.D. Cal. 2011) (citations omitted). Those factors include:

> (1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention; (2) extent to which state law issues predominate over bankruptcy issues; (3) difficult or unsettled nature of applicable law; (4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding; (5) jurisdictional basis, if any, other than § 1334; (6) degree of relatedness or remoteness of proceeding to main bankruptcy case; (7) the substance rather than the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of nondebtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action.

*Id.* (citations omitted). A federal court's discretion to remand cases related to bankruptcy is "unusually broad" under section 1452(b). *In re Roman Catholic Bishop of San Diego*, 374 B.R. 756, 761 (S.D. Cal. 2007). Remand may be particularly appropriate when the action is no longer sufficiently connected to a bankruptcy estate. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) ("Jurisdiction over nonbankruptcy controversies with third parties who are otherwise strangers to the . . . parent bankruptcy does not exist.") (internal citation and quotations omitted).

Here, Porsche AG requests that the Court use its broad discretion to rule on its motion to dismiss before resolving Plaintiffs' motion for remand. The instant case was removed to the federal courts solely under the original jurisdiction of section 1334, given former defendant FCA's assertions that a judgment in this case would have an impact on its bankruptcy estate. Neither Porsche AG, FCA, nor Plaintiffs have alleged that this Court otherwise has subject matter jurisdiction through federal question, diversity, or some other statute. Rather, the complaint alleges only state law claims and complete diversity is absent among the 40 parties to this case. Given that FCA was the only party with a sufficient connection to a bankruptcy estate or proceeding, FCA's dismissal with prejudice eliminates this Court's jurisdiction under section

UNITED STATES DISTRICT COURT      JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-0183 DMG (RAOx)** | Date | March 3, 2016 |
|---|---|---|---|
| Title | *Carmen Villanueva v. 3M Company, et al.* | Page | 4 of 5 |

1334. *See Pacor*, 743 F.2d at 994. The lack of any other form of subject matter jurisdiction requires this Court to remand the proceeding to state court. *Albingia*, 344 F.3d at 938.

       Porsche AG's reliance on *Bell v. City of Kellogg*, 922 F.2d 1418, 1424-25 (9th Cir. 1991), is misplaced. To the extent that *Bell* stands for the proposition that federal courts may dismiss rather than remand upon finding that remand would be futile, *Bell* is no longer good law. *See Merrill Cos., LLC v. Keybank Nat. Ass'n*, Case No. CV 09-3317, 2010 WL 144363 at *2 (C.D. Cal. Jan. 7, 2010) ("The Court rejects this argument . . . because the futility exception recognized in *Bell* is no longer good law) (citing *Int'l Primate Prot. League*, 500 U.S. 72; *Albingia*, 344 F.3d 931).

       Porsche AG's reliance on *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999), is similarly unavailing. In *Ruhrgas*, the defendant attempted to remove the action on the basis of diversity, federal question, and 9 U.S.C. section 205, which authorizes the removal of cases relating to international arbitration agreements. *Id.* at 580. The Supreme Court held that federal courts may avoid a difficult question of subject matter jurisdiction when the absence of personal jurisdiction is a straightforward inquiry with no complex questions of state law. *Id.* at 587-88. It does not follow, however, that federal courts have *unlimited* discretion to skip the subject matter jurisdiction inquiry in order to address a contested issue of personal jurisdiction. Rather, the *Ruhrgas* court explicitly stated that "expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of [subject matter jurisdiction] first." *Id.* (citations and quotations omitted). Here, the Court finds that it has no subject matter jurisdiction and it therefore declines to address the personal jurisdiction issue.

       Even assuming, *arguendo*, that FCA's dismissal did not deprive this Court of subject matter jurisdiction under section 1334, the various equitable factors recognized by the Ninth Circuit weigh substantially in favor of remand.

       The Court finds that state law issues predominate. Plaintiffs have only raised claims of negligence, strict liability, and loss of consortium, which are all governed by California law. Porsche AG's motion to dismiss alleges improper service of process, which Porsche AG concedes is a question of state law. (Opp. at 3 n.3.) Its motion to dismiss also asserts that the federal courts lack personal jurisdiction, which Porsche AG attempts to characterize as a federal due process question. The single personal jurisdiction question is insufficient for the Court to find that federal law issues predominate. Rather, state courts regularly handle issues of personal jurisdiction and such matters are not unsettled or complex, weighing in favor of a finding that state law issues predominate. *See In re Roman Catholic Bishop*, 374 B.R. at 762. Furthermore, the Complaint itself does not raise a substantial federal issue. *See Grable & Sons Metal Prods. v.*

| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | JS-6 / REMAND |
| CENTRAL DISTRICT OF CALIFORNIA | | |
| CIVIL MINUTES—GENERAL | | |

| Case No. | CV 16-0183 DMG (RAOx) | Date | March 3, 2016 |
|---|---|---|---|
| Title | *Carmen Villanueva v. 3M Company, et al.* | Page | 5 of 5 |

*Darue Eng'g & Mfg.*, 545 U.S. 308, 314, 125 S. Ct. 2363, 2367-68, 162 L. Ed. 2d 257, 264-65 (2005).

## V.
## CONCLUSION

In light of the foregoing, Plaintiffs' motion to remand for lack of subject matter jurisdiction [Doc. # 65] is **GRANTED**. Defendant Porsche AG's motion to dismiss [Doc. # 10], Plaintiffs' motion for extension of time [Doc. # 75], and the scheduling conference are taken off calendar.

**IT IS SO ORDERED.**